## Clark Estate

*Leslie B. Handler,* for claimant.
*James E. Reid, Jr.,* for accountant.

SWOPE, *P. J.,* July 1, 1976—This case arises from the objections to the account and proposed distribution of John E. Clark, Administrator of the Estate of James M. Clark, deceased.

The facts which were adduced at a hearing are as follows:

Decedent died on March 19, 1971, survived by his two brothers, three sisters, the son and daughter of a sister who predeceased him and his illegitimate daughter, the objector herein, Beverly J. Ballard. For two years prior to decedent's death, the objector irregularly resided with him, but for the last six months prior to his death did so continuously. Upon decedent's death the brothers and sisters, one of whom is the accountant, John E. Clark, allowed the objector to handle the funeral arrangements, which funeral cost the objector $1,052.25. After decedent's death, objector continued to live on in decedent's residence for a disputed period of from nine months to two years. Upon learning that the accountant was initiating a procedure to force her to pay rent, the objector vacated the premises.

The objector contends that as she is the illegitimate daughter of deceased and had formed a part of decedent's household, she is entitled to the family exemption of $1,500 under section 211 of the Act of April 18, 1949, P. L. 512, art. II, as amended by the Act of May 5, 1970, P. L. 336 (No. 108), sec. 2, 20 P.S. §320.211. She additionally contends that she is entitled to be reimbursed the $1,052.25 she

paid for decedent's funeral bill.

The accountant contends that "children" as used in 20 P.S. §320.211 does not include illegitimate children and objector is, therefore, not entitled to the family exemption under that section. He further contends that the objector is not entitled to be reimbursed for the money she paid for decedent's funeral bill. It should be noted that while a reply trial brief was filed by the accountant before the hearing on this matter, neither the accountant nor his attorney appeared at the time and place set by this court for the argument on these issues.

The issues we must decide are whether Beverly J. Ballard as an illegitimate daughter of decedent is entitled to the $1,500 family exemption under 20 P.S. §320.211 and whether she is entitled to be reimbursed the $1,052.25 she paid for decedent's funeral.

As to the family exemption, 20 P.S. §320.211 provides:

"The spouse of any decedent dying domiciled in the Commonwealth, and if there be no spouse, or if he has forfeited his rights, then such children as form a part of decedent's household, may retain or claim as an exemption and as a reasonable requirement for support during the settlement of the estate, either real or personal property . . . to the value of ($1,500)."

In Wheeler Estate, 31 D. & C. 2d 145, 13 Fiduc. Rep. 360 (Orphans' Ct. Wash. Co., 1963), decedent was domiciled during the last two years of his life with the petitioner, decedent's stepdaughter. The court spoke to the issue of whether a stepchild was included in the classification of those entitled to a family exemption and recognized such case was one of first impression in the Commonwealth. In

holding that only legitimate or adoptive children qualify under this section, the court noted that neither the Inheritance and Estate Tax Act of June 15, 1961, P.L. 373, 72 P.S. §2485-101, the Intestate Act of April 24, 1947, P.L. 80, 20 P.S. §1.1, The Pennsylvania Workmen's Compensation Act of 1915, infra, nor the Federal Social Security laws are in pari materia with the family exemption section and have no application in determining the validity of a claim under it. The court instead based its decision on the fact that no lower or appellate court had interpreted "children" to include in this context any but legitimate or adoptive children of the decedent: Wheeler Estate, supra, at 153, 13 Fiduc. Rep. at 369. President Judge Marino stated:

"However, for the courts to completely disregard all precedent and interpret the law according to the whim of the moment is neither justifiable nor proper. We cannot open the floodgates to all manner of claims. From legitimate children to stepchildren, to foster children, to illegitimate children, to children in loco parents, —all are but easy extensions in hardship cases. But there is no warrant in the law for any such procedure.": Wheeler Estate, supra at 153, 13 Fiduc. Rep. at 368-69.

With this, we can agree. The extension of the class entitled to the family exemption is a legislative concern and it is not a matter for this court to decide. Objector argues, however, that the recent case of Brown v. Workmen's Compensation Appeal Board, 20 Pa. Commonwealth Ct. 330, 342 A.2d 134 (1975), gives this power to the court. She submits that we should follow the views expressed by the Commonwealth Court and, by use of the Equal Protection Clause, the definition of "children" as

used in the section in family exemptions should be expanded to include illegitimate children.

In Brown, supra, Almer Brown, who had been residing out of wedlock with the appellant, Barbara Brown, died while in the course of his employment. In a decision affirmed by the Workmen's Compensation Appeal Board, a referee granted benefits to two children who were fathered by decedent and one child born to appellant before she began residing with decedent, but denied benefits to a child fathered by decedent and born three months after his death. Only the denial of benefits to the posthumous illegitimate child was questioned.

The court, in holding that "posthumous children," as used in the Workmen's Compensation Act of 1915, embraces posthumous illegitimate children, quoted the United States Supreme Court opinion in Weber v. Aetna Casualty & Surety Co., 406 U.S. 164 (1972):

". . . Courts are powerless to prevent the social approbrium suffered by these hapless children, but the Equal Protection Clause does enable us to strike down discriminatory laws relating to status of birth where — as in this case — the classification is justified by no legitimate state interest, compelling or otherwise.": 406 U.S. at 175-76; Brown, supra, at 334, 342 A.2d at 136.

The Commonwealth Court was construing the language from section 307 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §562, which provided:

"Compensation shall be payable under this section to or on account of any child . . . If members of decedent's household at the time of his death, the

terms 'child' and 'children' shall include stepchildren, adopted children and children to whom he stood in loco parentis, and shall include posthumous children.": Brown, supra at 332, 342 A.2d at 135.

They noted that the Pennsylvania Supreme Court decision in Cairgle v. American Radiator and Standard Sanitary Corporation, 366 Pa. 249, 77 A.2d 439 (1951), permitted compensation to be awarded to an illegitimate child only if the deceased employe stood in loco parentis to such child and the child was a member of decedent's household at the time of his death. Since no posthumous child could meet the test of actual dependency, all posthumous illegitimate children were disqualified from recovery under the act: Brown, supra, at 333, 342 A.2d at 136. However, the very terms of the act allow posthumous natural children to recover without a showing of actual dependency and, therefore, the effect of Cairgle, supra, was to place an unconstitutionally greater burden on illegitimates in order to qualify for recovery under the act.

Such is not the case with the family exemption under 20 P.S. §320.211. No greater burden is placed on illegitimate children, stepchildren or children to whom the deceased stood in loco parentis to qualify. They are not included in the provisions of this section both by judicial construction and by legislative intent. Such intent is evidenced by the legislature's failure to specify, as they have in other acts, that "children" includes more than natural and adoptive children. Complete exclusion of illegitimate children from the class of persons entitled to the family exemption is not a violation

of the Equal Protection Clause of the United States Constitution.

The Supreme Court of the United States, in Labine, Tutrix v. Vincent, 401 U.S. 532 (1971), upheld the validity of Louisiana's intestate succession laws which barred an illegitimate child from sharing equally with legitimates in the estate of their father. They held that only a State has the power to regulate the disposition of property left in the State by a man dying there and the Equal Protection Clause could not empower the court to nullify the decision of the legislature: Labine, supra, at 538-40; accord, Maule Estate, 29 Somerset 249 (Orphans' Court, Somerset Co., 1974).

Pennsylvania's laws on intestate succession are sufficiently analogous to the family exemption of 20 P.S. §320.211 to allow us to apply the rationale of these decisions to the case at hand. Both are concerned with the establishment, protection and strengthening of family life as well as the disposition of property upon a man's death and, as such, it is a matter of legislative concern to determine who is included under these provisions. If the legislature has decided that only natural and adoptive children qualify for the family exemption under 20 P.S. §320.211, then the Equal Protection Clause does not empower this court to say otherwise.

As to the funeral expense, the general rule is that the estate of a decedent is primarily liable for the expenses of the funeral of the decedent upon the claim of a person who has paid the bill and who is so related to deceased as to exclude the idea of officious interference. However, these expenses must be reasonable in connection with the station

in life of decedent and not disproportionate to the size of the estate: 16 P. L. E., 44, §147.

While the estate in question is quite modest, only $1,789.27, the funeral bill of $1,052.25 is not unreasonably large in the context of today's high cost of living and dying. When viewed in the light of the circumstances that the parties apparently acquiesced in the objector's arranging for the funeral, that the objector acted in good faith, that the funeral bill is credited with a $255 payment for Social Security and that the accountant did not appear to argue this issue, it is our opinion that Beverly J. Ballard is entitled to be reimbursed for the $1,052.25 she paid for decedent's funeral less the $255 payment from Social Security.

## ORDER

And now, July 1, 1976, the objections to the account and proposed distribution of John E. Clark, Administrator of the Estate of James M. Clark, decedent, filed by Beverly J. Ballard on October 2, 1975, as they concern Beverly J. Ballard's qualification for the family exemption under section 211 of the Act of April 18, 1949, P. L. 512, art. II, as amended by the Act of May 5, 1970, P. L. 336 (No. 108), sec. 2, 20 P.S. §320.211, are hereby overruled, and as they concern the reimbursement of Beverly J. Ballard for her payment of decedent's funeral bill are hereby sustained in the sum of $797.25.

The accountant, John E. Clark, is hereby directed to amend his account and proposed distribution to include distribution to Beverly J. Ballard in conformance with this order.